**IN THE COURT OF APPEALS OF IOWA**

No. 22-0917
Filed May 24, 2023

**RON MYERS,**
    Plaintiff-Appellant,

**vs.**

**CITY OF CEDAR FALLS,**
    Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Black Hawk County, Joel Dalrymple,

Judge.


        Ron Myers appeals the district court's order granting summary judgment in

his personal-injury action. **REVERSED AND REMANDED.**


        Thomas J. Duff and Jim Duff of Duff Law Firm, P.L.C., West Des Moines,

for appellant.

        Samuel C. Anderson of Swisher & Cohrt, P.L.C., Waterloo, for appellee.


        Considered by Vaitheswaran, P.J., and Ahlers and Buller, JJ.

**AHLERS, Judge.**

Ron Myers slipped on the end of a diving board at a swimming pool owned and operated by the City of Cedar Falls. Myers sued the city seeking to recover damages for injuries he alleges he suffered, claiming the slip was caused by the city's failure to ensure the diving board had a slip-resistant surface as required by state administrative rules. The city moved for summary judgment on the basis that it has qualified immunity under Iowa Code section 670.4(1)(*l*) (2020). The district court granted summary judgment on that basis. Myers appeals.

We review summary judgment rulings for legal error. *Garrison v. New Fashion Pork LLP*, 977 N.W.2d 67, 76 (Iowa 2022). In so doing, we "(1) view the facts in the light most favorable to the nonmoving party, and (2) consider on behalf of the nonmoving party every legitimate inference reasonably deduced from the record." *Id.* (citation omitted). Summary judgment is only proper when there is no issue of material fact "and the moving party is entitled to judgment as a matter of law." *Id.* (citation omitted).

Myers argues the district court erred by granting summary judgment because there was a genuine issue of material fact as to "whether the diving board lacked a slip-resistant surface and whether the [city] had knowledge of this defective condition." Essentially, Myers contends that if the city failed to ensure the diving board had a slip-resistant surface, then it triggers a domino chain reaction of statutes and administrative rules that ultimately precludes the city from receiving qualified immunity. That chain goes like this:

- Iowa Administrative Code rule 641-15.4(4)(c)(6) provides, "Diving boards and platforms shall have a slip-resistant surface."

- Violation of any Iowa Department of Public Health (the department)[1] administrative rule or provision of Iowa Code chapter 135 amounts to a simple misdemeanor, *see* Iowa Code § 135.38, so the city's possible failure to ensure the diving board had a slip-resistant surface would be a simple misdemeanor. *See Sanon v. City of Pella*, 865 N.W.2d 506, 514 (Iowa 2015) ("[A] violation of the department rules relied upon by the [plaintiffs] is a misdemeanor under section 135.38.").

- A simple misdemeanor is a criminal act. *See* Iowa Code § 701.8; *see also Sanon*, 865 N.W.2d at 515 ("A misdemeanor is a 'criminal offense.'" (citation omitted)).

- Section 670.4(1)(*l*), which would otherwise grant the city qualified immunity, does not apply when the underlying "claim is based upon an act or omission of an officer or employee of the municipality and the act or omission constitutes actual malice or a *criminal act*."[2] (Emphasis added.)

---

[1] The Iowa Department of Public Health merged with the Iowa Department of Human Services in 2022. Because this case deals with events that occurred prior to that time, we reference the Iowa Department of Public Health.

[2] Iowa Code section 670.4(1)(*l*) provides immunity to a municipality for:

> A claim relating to a swimming pool or spa as defined in section 135I.1 which has been inspected by a municipality or the state in accordance with chapter 135I, or a swimming pool or spa inspection program which has been certified by the state in accordance with that chapter, whether or not owned or operated by a municipality, unless the claim is based upon an act or omission of an officer or employee of the municipality and the act or omission constitutes actual malice or a criminal offense.

Following this logic, Myers contends that whether the diving board had a slip-resistant surface is a critical fact upon which qualified immunity hinges. Myers contends there is a genuine issue of material fact whether the diving board had a slip-resistance surface, so summary judgment cannot be granted.

Myers's logic follows—and is based on—the logic used by the supreme court in *Sanon*. In *Sanon*, the supreme court considered whether "a violation of an administrative rule promulgated by the Iowa Department of Public Health constitute[d] a crime and remove[d] the immunity under Iowa Code section 670.4(12)[3]" and answered in the affirmative. 865 N.W.2d at 510, 515. So, if *Sanon* applies, Myers's logic holds up and summary judgment should not have been granted.

The city launches a multi-pronged attack against applying *Sanon* here. First, the city argues that rule 641-15.4(4)(c)(6) only requires a diving board to have a slip-resistant surface, but the rule does not include any standard to measure the adequacy of the slip resistance. So, the argument goes, as it is uncontested that the diving board originally had a slip-resistant surface, and there is no measurable standard of how much slip-resistant material needs to remain, there can be no violation of the administrative rule and *Sanon* does not apply. We disagree. The fact that there is no articulated level of slip resistance that must be maintained does not change the plain language of the rule—the diving board must have a slip-resistant surface. Either the board had a slip-resistant surface or it didn't. Here, there was conflicting evidence of whether it did, so a factual dispute is generated

---

[3] In 2013, after *Sanon* was filed, Iowa Code section 670.4 was renumbered and section 670.4(12) is now section 670.4(1)(*l*). *See* 2013 Iowa Acts ch. 30, § 196.

that needs to be resolved through the trial process. *See, e.g.*, *Smith v. Cedar Rapids Country Club*, 124 N.W.2d 557, 563 (Iowa 1963) (finding a jury question generated by conflicting evidence of whether a waxed dance floor was slippery); *Doty v. Olson*, No. 09-1852, 2010 WL 5050565, at *4 (Iowa Ct. App. Dec. 8, 2010) (finding the trial court should have instructed on an alleged regulation violation to allow the jury to decide whether the regulation was violated).

Second, the city argues that the department conducted inspections and never notified the city that the diving board did not comply with the rule requiring a slip-resistant surface. The city suggests that since it was never advised about or cited for violating the rule requiring the board to have a slip-resistant surface, there can be no violation of the rule and therefore *Sanon* doesn't apply. Again, we disagree. The administrative rule imposes an obligation on the city to have a slip-resistant surface on any diving board it chooses to provide. Nothing in the rule suggests that the city only violates the rule if it is informed of or cited for a violation of it. Again, either the board had a slip-resistant surface, or it didn't, and the fact the city was not notified about or cited for a violation of the rule does not change the need to resolve that underlying factual dispute of whether the rule was violated. As there is a factual dispute, a jury question has been generated that precludes summary judgment.

Third, the city tries to distinguish *Sanon* on its facts. We are not persuaded by the city's arguments. The claimed factual distinctions do not change the fact that, in a four justice to three part of the *Sanon* ruling, the court followed the same logic being asserted by Myers in this case—namely that, if Myers can establish the diving board did not have a slip-resistant surface, Myers will establish that the city

violated an administrative rule, which would be a simple misdemeanor, which would be a criminal act that negates the city's immunity as the *Sanon* majority interpreted the applicable rules and statutes. *See Sanon*, 865 N.W.2d at 508 ("[W]e conclude the [plaintiffs] have alleged the city violated administrative rules constituting criminal offenses under the Iowa Code. Thus, if the city violated these rules, the city is not entitled to immunity under Iowa Code section 670.4[(1)(*l*)].").

Finally, the city suggests that "agreeing with the analysis of . . . the *Sanon* dissent would lead to summary judgment under the facts of this case." But, regardless of how persuaded we may or may not be by the *Sanon* dissent, we are bound by our supreme court's majority opinions, not its dissents. *See In re Marriage of Korn*, No. 15-2014, 2016 WL 4803960, at *5 (Iowa Ct. App. Sept. 14, 2016); *D & W Dev., Inc. v. City of Milford*, No. 12-0579, 2013 WL 2145735, at *3 (Iowa Ct. App. May 15, 2013); *see also State v. Sisco*, 169 N.W.2d 542, 554 (Iowa 1969) (LeGrand, J., concurring specially) ("Much as I agree with the *Boykin* dissent, it is of course the majority opinion which we are bound to observe."). *Sanon* remains good law. This court cannot overturn supreme court precedent. *Nationwide Agribusiness Ins. Co. v. PGI Int'l*, 882 N.W.2d 512, 518 n.4 (Iowa Ct. App. 2016) ("We are not, however, at liberty to overturn Iowa Supreme Court precedent.").

Because we are bound by the *Sanon* majority and a factual dispute remains as to whether the diving board was equipped with a slip-resistant surface, we conclude the district court erred by concluding section 670.4(1)(*l*) provided the city with qualified immunity as a matter of law and granting summary judgment in favor of the city. A trial will be needed to resolve the factual dispute of whether the

administrative rule was violated.  The resolution of that factual dispute by trial will determine whether the city is entitled to qualified immunity.  We remand for further proceedings.

**REVERSED AND REMANDED.**